**Marston FITZSIMMONS and Marjorie Fitzsimmons, as Executors of the Estate of Vina Freeburn, deceased, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 1723.**

United States District Court E. D. Washington, S. D.

July 24, 1963.

Vail & Vail, Pomeroy, Wash., for plaintiffs.

Frank Freeman, U. S. Atty., Spokane, Wash., for defendant.

POWELL, Chief Judge.

Henry and Vina Freeburn were husband and wife and residents of this district, in Garfield County, Washington, until the date of his death on July 1, 1960. They made gifts to four of their great grandchildren, minors, consisting of $40,000.00 face value of United States Savings Bonds, Series H. Bonds totaling $20,000.00 were registered in the names of "Billy Kenneth Robertson or Nicholas Robertson". Bonds totaling $20,000.00 were registered in the names of "Constance Robertson or Michelle Fitzsimmons." The bonds were all purchased in December 1956 and from that date until the death of Henry Freeburn they were in his possession. Gift tax returns were filed but no gift tax was due.

The interest checks were made payable to the named payees on the bonds. They were endorsed by the payees and turned over to Henry and Vina Freeburn. The checks were then deposited in one of two savings accounts. One was in the names of "Henry Freeburn or Nicholas Robertson or Kenneth R. Robertson." The other account was in the names of "Henry Freeburn or Shannon Robertson or Constance Robertson or Michelle Fitzsimmons." They were not joint survivorship accounts. No withdrawals were ever made from the accounts. The passbooks were necessary for withdrawals from the savings accounts except where the books were lost or destroyed. Henry and Vina Freeburn had custody of the passbooks until the death of Henry Freeburn, both of whom knew he could withdraw the funds from the accounts and make such use of them as he desired.

Zelda Schuck was appointed executrix of the estate of Henry Freeburn and filed a Federal estate tax return. An audit was made and the result was to include the Henry Freeburn community one-half of the bonds to the extent of $20,000.00 in his gross estate and levy tax thereon. The executrix was discharged and the residuary estate distributed to Vina Freeburn. She paid the tax on July 10, 1961, from her own funds and filed claim for refund. The claim was filed October 13, 1961, and was disallowed May 8, 1962. Vina Freeburn died on September 22, 1962. The plaintiffs here are executors of her estate.[1]

No evidence was offered by either side. There was no direct evidence of an agreement with Henry Freeburn under which he retained an interest in the bonds in question or the right to the income.

While it is not particularly significant, the parties stipulated at the trial that Henry Freeburn included the bond interest in his annual income tax return and paid tax on it as a convenience to his great grandchildren.

1. All of the foregoing is from the *Admitted Facts* in the Pre-Trial Order.

There is no dispute in the facts. There is a lack of direct evidence but the circumstantial evidence points to the reasonable hypothesis that Henry Freeburn did retain the enjoyment of, or the right to, the income from the bonds as provided in 26 U.S.C.A. 1958 ed., § 2036.[2]

The bonds at all times were in the possession of Henry Freeburn. True, the parents of the payees knew they were there and they could have obtained them for the payees, but did not. The passbooks were at all times in Henry Freeburn's possession. His name was first on the list of names on the account. He could have drawn the money at any time. He was capable of doing so by reason of possession of the passbooks.

Plaintiffs argue that the payees of the bonds could have retained the interest payments rather than endorse them and deliver them to Henry and Vina Freeburn. The Admitted Facts state the "interest checks", which to me implies all of the checks from December 1956 to the date of Henry Freeburn's death, July 1, 1960. The significant facts to me are that all of the checks were so endorsed and turned over to the decedent, who deposited them in the account to which he held the passbook. While the payees were capable of refusing to endorse and deliver the checks, it is significant that they never did.

I find this case similar to Estate of McNichol v. Commissioner, 3 Cir., 265

F.2d 667. In that case the oral understanding was that rents of real property were paid to decedent after a gift deed to the real property. Here the endorsement and delivery of the interest checks, the income of the property given, is only consistent with such an oral understanding.

The cases cited by the plaintiffs do not appear to me to be factually consistent with this case.

Inheritance Tax Division of Tax Commission v. Chamberlin's Estate, 21 Wash. 2d 790, 153 P.2d 305, 156 A.L.R. 552, treats of the passage of title of bonds under the state inheritance tax. The bonds were issued in the name of the payee. The action determines the bonds should not be part of the decedent's estate for state inheritance tax purposes. The opinion points out (21 Wash.2d p. 793, 153 P.2d p. 306, 156 A.L.R. 552) that the statute creates a "tax upon the right to receive property." It is different than the estate tax involved here.

The case of Stringfellow v. Stringfellow, 53 Wash.2d 639, 335 P.2d 825, is one to determine the title to property, Series E bonds. The tax statute here involved was not under consideration there. Cases attached to plaintiffs' brief do not seem to be factually similar to this one.

The complaint of plaintiffs will be dismissed. Defendant's counsel is directed to prepare, serve and submit Findings, Conclusions and Judgment of Dismissal.

---

2. "§ 2036. Transfers with retained life estate

"(a) *General rule.*—The value of the gross estate shall include the value of all property (except real property situated outside of the United States) to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death—

"(1) the possession or enjoyment of, or the right to the income from, the property, or

"(2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom.
* * * *"