ESTATE OF ALBERTA D. COOPER, DECEASED, HERBERT WARREN COOPER III, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10699–78.    Filed September 23, 1980.

*Paul Jameson,* for the petitioner.
*Joyce H. Errecart,* for the respondent.

OPINION

WILBUR, *Judge:* Respondent determined a deficiency in petitioner's Federal estate tax of $7,861.05. The sole issue presented

here for our decision is whether the decedent retained a life estate within the meaning of section 2036[1] when she gave certain bonds to a trust, in 1971, but retained all of the interest coupons payable through 1979.

All of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of the commencement of this suit, Herbert Warren Cooper III, executor of the estate, had his legal residence in Hyattsville, Md.

Alberta D. Cooper died on October 14, 1974. During her lifetime, decedent purchased various quantities of several bond issues. The bonds provide for the payment of interest at varying rates. Attached to each of the bonds were interest coupons. The coupons recite that the interest is payable to the bearer of the coupon on the dates specified thereon.

On June 23, 1971, decedent created a trust for the benefit of her grandchildren, retaining no interest therein for herself. Among the properties transferred by the decedent to this trust during 1971 were the bonds described above. Decedent, however, detached from these bonds and retained, as her own, the coupons representing the right to receive interest from the bonds for the period 1971 through 1979. On a Federal gift tax return covering these transfers to the trust, decedent reported as gifts the value of the bonds less the value of the interest coupons retained. Decedent's life expectancy in 1971 was 9.1 years.

The parties have stipulated that the bonds could have been sold by the trustee of the trust at all times prior to the principal due date following the transfer by the decedent in 1971, even though the interest coupons had been detached prior to such transfer. However, the fair market value of the bonds would be reduced to reflect that the coupons were detached.

On petitioner's Federal estate tax return, $7,717.50 was included in the gross estate reflecting the present value of the interest coupons retained by the decedent which were payable after October 14, 1974, and before January 1, 1980. Respondent, in his statutory notice of deficiency, increased the value of the

---

[1]All section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable years at issue herein.

gross estate by $37,696.50 to also include the value of the bonds at the date of death.[2]

Respondent determined that section 2036(a)[3] requires the inclusion of the date-of-death value of the bonds in the gross estate. Respondent argues that decedent made a lifetime transfer of the bonds for less than full and adequate consideration, while retaining the right to income from the property for a period which did not in fact end prior to her death. Petitioner's sole attack on the applicability of section 2036(a) is premised on the severability of the coupons from the bonds. Petitioner contends that the bonds transferred to the trust "were of independent intrinsic worth apart from the coupons previously detached at the time that the gift was completed." It is urged that this follows because the bonds could have been sold by the trustee at any time after the gift was made; that the interest coupons had a distinct economic value apart from the bonds as they were independently redeemable by any bearer; and that the transferee had complete domination over the bonds undiminished by the absence of the coupons. Therefore, it is argued that section 2036 is not relevant, as decedent during her lifetime made a transfer of the full value of the bonds while retaining no interest therein.

We agree with respondent that the decedent retained the right to the income from the bonds. When decedent originally purchased the bonds, she became legally entitled to a return on her investment in the form of interest. It is inconceivable thatwerre interest not provided, she would have entered into such an exchange merely to watch the value of her investment

---

[2]Respondent concedes that petitioner is entitled to deductions for costs of administration claimed after the filing of the estate tax return in the amount of $1,556, consisting of the following payments: Register of Wills, $6; Benjamin J. Goldfarb, $850; George Thomsen, $200; and Paul Jameson, $500.

[3]Sec. 2036(a) states in pertinent part:

SEC. 2036. TRANSFERS WITH RETAINED LIFE ESTATE.

(a) GENERAL RULE.—The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death—

(1) the possession or enjoyment of, or the right to the income from, the property, or

(2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom.

erode under the continuous pressures of inflation. Thus, the right to receive interest payments was an integral part of the package she purchased. When the bonds were transferred to the trust, only the right to a return of the principal went with them; the right to receive interest remained behind. What was given to the trust thus failed to include one of the most important elements of the "bundle of rights" to which a bondholder is entitled. *Estate of McNichol v. Commissioner*, 265 F.2d 667 (3d Cir. 1959), affg. 29 T.C. 1179 (1958), cert. denied 361 U.S. 829 (1959).

To hold, as petitioner would have us do, that the bonds and the interest coupons were separate properties, would be to give effect to the formalistic ritual of "clipping" the coupons from bonds while ignoring the realities of the situation. While we recognize that the coupons are payable to the bearer, so that payment of the interest need not always be a legal right accruing to the holder of the bond, there is no question here that the decedent had sufficient control prior to her gift to determine the future recipients of both the interest and principal. Thus, no different result should obtain than where a decedent makes a gift of a bond but through prearrangement requires the donee to return the interest. *Fitzsimmons v. United States*, 222 F. Supp. 140 (E.D. Wash. 1963); cf. *Estate of Fry v. Commissioner*, 9 T.C. 503 (1947) (dividends on stock).

The fact that the trustee could have sold the bonds and reinvested the proceeds in income-producing property is of no consequence, since the power of disposition was not alleged to have been retained. Furthermore, the fact that the bonds, alone, could have been sold without the coupons for the discounted value of the principal does not, in any way, contradict the fact that the decedent retained a very valuable portion of what could have been realized.

Finally, *Cain v. Commissioner*, 37 T.C. 185 (1961), is distinguishable because there was no evidence in that case that the payments at all related to dividends or other income attributable to the stock given away.

*Decision will be entered under Rule 155.*